UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────X
SONJI M. ASTORGA,

                      Plaintiff,

- against -

ALLSTATE OIL RECOVERY, CO.
and RICHARD J. WOODHAM,

                      Defendants.
───────────────────────────────X

**DEFENDANTS' AFFIRMATION IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY**

Civil Action No.: 16-cv-5068

       **JEFFREY RUBINSTEIN**, an attorney duly admitted to practice law before the Courts of the State of New York, and the United States District Court, Southern District of New York, herby affirms the following under the penalty of perjury:

       1.       I am an attorney at law and a partner of the firm of FAUST GOETZ SCHENKER & BLEE, LLP, the attorneys for the defendants, ALLSTATE OIL RECOVERY, CO. (hereinafter "ALLSTATE") and RICHARD J. WOODHAM (hereinafter "WOODHAM") and as such I am fully familiar with the facts and circumstances of this action.

       2.       The plaintiff SONJI M. ASTORGA (hereinafter "ASTORGA") has filed a motion for partial summary judgment on the issue of liability. This affirmation is submitted in opposition to plaintiff's motion for partial summary judgment as to the issue of liability against ALLSTATE and WOODHAM (hereinafter collectively "DEFENDANTS").

       3.       Defendants' legal arguments are set forth in the accompanying Memorandum of law, and are respectfully incorporated herein by reference.

4. This action arises from a motor vehicle accident which occurred on August 24, 2015 on Route 303 at or near its intersection with East Erie Street in New York. The defendant WOODHAM was the driver of a motor vehicle which was owned by defendant ALLSTATE.

5. Material facts of this case are in dispute and the Plaintiff ASTORGA is not entitled to partial summary judgment on the issue of liability as a matter of law. *See* **Defendant's Memorandum of Law in Opposition to Plaintiff's Summary Judgment Motion, ¶ 3.**

6. Material facts in dispute include: (1) whether or not Plaintiff ASTORGA'S car was stopped at the time of the collision; (2) whether or not there was ample time for Defendant WOODHAM to stop the truck before the collision through no fault of his own; and (3) whether or not the distance in between the vehicles of Plaintiff ASTORGA and Defendant WOODHAM was a contributing factor to the accident. *See* **Defendant's Memorandum of Law in Opposition to Plaintiff's Summary Judgment Motion, ¶ 3.**

## ASTORGA'S VEHICLE WAS NOT COMPLETELY STOPPED AT THE TIME OF THE COLLISION

7. Plaintiff ASTORGA testified in her examination held before trial on June 21, 2017: "Her vehicle was stopped on Route 303 at the intersection because of a red traffic light at the intersection ahead" (*See* **Exhibit A** - Astorga, e.b.t. transcript, pg. 27, ln. 11).

8. She further testified that her vehicle was stopped for about ten seconds before the collision (*See* **Exhibit A** - Astorga, e.b.t. transcript, pg. 27, ln. 18).

9. However, WOODHAM testified in his examination held before trial, on July 10, 2017, that at the time of the impact, he did not recall if ASTORGA was completely stopped (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 43, lns. 3-4).

10. Again he said: "I do not recall if she was at a complete stop a hundred percent or not." (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 44, lns. 15-16).

11. Defendant WOODHAM was travelling less than five miles an hour prior to the collision because "he was prepared to stop for the changing light" (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 43, lns. 7-9; *See also* **Defendant's Memorandum of Law in Opposition to Plaintiff's Summary Judgment Motion, ¶ 6; ¶ 17**).

12. WOODHAM testified that he applied normal force of the breaks, and when he realized she *was stopping*, he applied extra force to avoid contact (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 43, lns. 22-24; *See also* **Defendant's Memorandum of Law in Opposition to Plaintiff's Summary Judgment Motion, ¶ 6-7; ¶ 17**).

13. Thus, because WOODHAM's testimony indicates that ASTORGA "was stopping," this demonstrates that ASTORGA was not already completely stopped at the time of the accident. (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 43, lns. 22-24).

14. At the time immediately prior to the accident, WOODHAM was looking at ASTORGA'S bumper (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 45, lns. 24; *See also* **Defendant's Memorandum of Law in Opposition to Plaintiff's Summary Judgment Motion, ¶ 6-7; ¶ 17**).

15. When asked whether ASTORGA's break lights were activated immediately prior to the accident, WOODHAM recalled ASTORGA's brake lights, but did not recall whether they were on or activated at the time of the impact. He testified that he only "*believed*" the brakes to be on at the time of impact (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 45, lns. 4-7).

16. Even in the case in which ASTORGA's break lights were on *at the time of impact*, and that WOODHAM did recall that the brake lights were on *at the time of impact*, this fact is not conclusive that ASTORGA was completely stopped *at the time of the impact*. It is possible for a car to be moving, and in the process of stopping, with the brake lights activated.

The notion that brake lights are activated does not mean that the car is stopped (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 45, lns. 4-7).

17. Annexed hereto as **Exhibit C**, is a copy of the certified police accident report as it was prepared by the responding police officers immediately at the scene of the accident with respect to the subject accident.

18. The accident description notes: "Op. 1 [ASTORGA] states she was stopped at a red traffic light on Route 303 when she was rear ended by vehicle 2. Op. 2 [WOODHAM] states that vehicle 1 stopped suddenly as the traffic light was changing and he could not stop and struck vehicle 1." *See* **Exhibit C.**

19. Plaintiff ASTORGA's motion notes that throughout the entirety of WOODHAM's testimony, he never stated that ASTORGA brought her vehicle to a "sudden stop," "abrupt stop," or "unexpected stop" at the intersection. Plaintiff ASTORGA further indicates that WOODHAM cannot make such a "sudden stop" claim in this case. However, WOODHAM *did* state that ASTORGA stopped suddenly in the Police Accident Report. *See* **Exhibit C**; *See also* **Defendant's Memorandum of Law in Opposition to Plaintiff's Summary Judgment Motion, ¶ 6-7; ¶ 16-17.**

20. In the report, WOODHAM states that "Vehicle 1 *stopped suddenly* as the traffic light was changing and he could not stop and struck Vehicle 1." *See* **Exhibit C**; *See also* **Defendant's Memorandum of Law in Opposition to Plaintiff's Summary Judgment Motion, ¶ 6-7; ¶ 16-17.**

21. WOODHAM's statement occurred immediately after the accident and was made to responding police officers, in which he had ripe recollection of the incident.

22. After the accident occurred, the police arrived within a few minutes (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 51, ln. 13).

23. Once again, WOODHAM's testimony indicates that he did not recall that ASTORGA's vehicle was stopped at the time of the accident. This directly contrasts the deposition testimony of ASTORGA and the Police Accident Report, which indicates that ASTORGA was stopped at the time of the accident.

24. Therefore, there are clearly questions of fact in regards to whether or not ASTORGA was completely stopped at the time of the collision, entitling the DEFENDANTS to have their day in Court (*See* **Defendant's Memorandum of Law in Opposition to Plaintiff's Summary Judgment Motion**, ¶ 3-4).

### ASTORGA SUDDENLY STOPPED HER VEHICLE AND THERE WAS NOT AMPLE TIME FOR WOODHAM TO STOP PRIOR TO THE COLLISION THROUGH NO FAULT OF HIS OWN

25. Defendant WOODHAM has provided a reasonable excuse for the happening of the accident, as ASTORGA's vehicle suddenly stopped short upon the changing of the light, from yellow to red, without leaving WOODHAM ample time to stop prior to the accident through no fault of his own.

26. ASTORGA exited the vehicle at some point after the accident to speak to WOODHAM (*See* **Exhibit A** - Astorga, e.b.t. transcript, pg. 31, ln. 14). She said: "I asked the driver what happened, and he said by the time he looked up and saw me *he couldn't stop* and he apologized." (*See* **Exhibit A** - Astorga, e.b.t. transcript, pg. 32, lns. 2-4). Again, Astorga said as she recounted her conversation with WOODHAM, "By the time I looked up and saw you, *it was too late to stop*. I am sorry" (*See* **Exhibit A** - Astorga, e.b.t. transcript, pg. 33, lns. 3-6; *See also*

**Defendant's Memorandum of Law in Opposition to Plaintiff's Summary Judgment Motion, ¶ 8-14; ¶ 16).**

27. He recalled having a conversation with the responding police officers as follows: "I told them I was driving down slow, stopped for the intersection and the vehicle in front of me also stopped, and *I didn't have enough time to stop before the impact.*" (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 52, lns. 5-8; *See also* **Defendant's Memorandum of Law in Opposition to Plaintiff's Summary Judgment Motion, ¶ 8-14; ¶ 16).**

28. Plaintiff ASTORGA indicates that the Police Accident Report notes that Defendant WOODHAM was "following too closely" as an apparent contributing factor to the accident.

29. The front of WOODHAM's truck was about *ten to twenty feet* behind the rear of ASTORGA's vehicle at the time he first observed her vehicle immediately before the accident (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 44, ln. 21). The distance between the two cars prior to the accident constitutes a safe distance to travel behind a vehicle. There was no indication within ASTORGA's deposition testimony or in the Police Accident Report that WOODHAM was travelling too closely behind her. *See also* **Defendant's Memorandum of Law in Opposition to Plaintiff's Summary Judgment Motion, ¶ 6; ¶ 15; ¶ 17.**

30. Furthermore, in addition to the safe distance WOODHAM was travelling behind ASTORGA's vehicle, WOODHAM was also driving at an extremely decreased speed immediately before the accident. WOODHAM testified he was travelling at "less than five miles per hour because [he] was prepare to stop for the changing light." (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 43, lns. 7-9; *See also* **Defendant's Memorandum of Law in Opposition to Plaintiff's Summary Judgment Motion, ¶ 6; ¶ 17).**

31. WOODHAM said: "At the time of impact, [the traffic light] would have been going from yellow to red." (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 55, lns. 18-19).

32. WOODHAM was in the process of slowing down before striking ASTORGA's vehicle in the rear (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 45, ln. 13). Although he could not recall precisely when he started to slow down the truck, he explained there was a "stop-and-go traffic situation" on the roadway (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 45, lns. 16-17).

33. WOODHAM admitted he was moving at the time of the impact, and was still moving while approaching a red traffic light. However, he was moving as he was slowing down towards the traffic light, not accelerating. *See also* **Defendant's Memorandum of Law in Opposition to Plaintiff's Summary Judgment Motion,** ¶ 6; ¶ 17.

34. WOODHAM observed ASTORGA activate her brake lights before the accident (Woodham, e.b.t. transcript, pg. 46, ln. 4). He "believed" ASTORGA's brake lights were activated at the time he struck her vehicle in the rear, but could not necessarily recall (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 46, ln. 7).

35. WOODHAM applied his brakes before striking the rear of ASTORGA's vehicle (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 43, ln. 19). He said: "I applied normal force, and when I realized she was stopping, I applied extra force to avoid contact." (*See* **Exhibit B** - Woodham, e.b.t. transcript, pg. 43, lns. 22-24). Accordingly, WOODHAM did see that ASTORGA had her brakes on, however she stepped on her brakes too late without giving WOODHAM enough time to come to a complete stop without impacting ASTORGA's car and without fault of his own.

36. WOODHAM described the impact between his truck and ASTORGA's vehicle as "light to medium" (*See* **Exhibit B -** Woodham, e.b.t. transcript, pg. 45, ln. 21).

37. There was only one lane open in the northbound direction on Route 303, the road in which the accident occurred, due to "road construction… just prior to East Erie Street" (*See* **Exhibit B -** Woodham, e.b.t. transcript, pg. 29, lns. 7-11).

38. ASTORGA testified that on August 24, 2015 at 1:00, "it was sunny, clear, fine. It was actually a pretty nice day." ASTORGA should have been able to notice that a large garbage truck was directly behind her, and that she should have pressed on her brakes in a timely manner to give the truck adequate time to stop without impact, especially due to the stop-and-go condition on Route 303 on the day of the accident. (*See* **Exhibit A -** Astorga, e.b.t. transcript, pg. 29, lns. 17-18; *See also* **Defendant's Memorandum of Law in Opposition to Plaintiff's Summary Judgment Motion, ¶ 8-14**).

39. The fact that ASTORGA suddenly stopped her vehicle, without giving WOODHAM ample time to stop the truck he was driving, provides a non-negligent excuse for rear-ending ASTORGA's vehicle. *See* **Defendant's Memorandum of Law in Opposition to Plaintiff's Summary Judgment Motion, ¶ 7**).

40. Therefore, an issue of material fact exists regarding whether WOODHAM was travelling a safe distance behind ASTORGA's vehicle prior to the accident, in that the distance was an apparent contributing factor to the accident.

## CONCLUSION

41. Although WOODHAM saw the red traffic light ahead at the intersection of Route 303 and East Erie Street prior to the impact, he testified that he was slowing down, while driving at a speed well under the speed limit and at a reasonable distance behind Plaintiff ASTORGA's

vehicle, but was unable to stop prior to the rear-end collision due to ASTORGA's sudden stop. WOODHAM had no time to react and is not liable for the happening of the accident. WOODHAM's failure to maintain a safe driving distance and travel at a sufficiently safe speed was not the sole proximate cause of this collision. Rather, it was Plaintiff ASTORGA's failure to safely stop, leaving the car travelling at a safe driving distance behind her, adequate time to stop as the light turned from yellow to red. It can be reasonably found that it was the actions of ASTORGA that caused the subject accident.

42. It is submitted that ASTORGA cannot show that WOODHAM was negligent in the operation of his vehicle prior to ASTORGA's sudden stop. As a jury can reasonably find that WOODHAM did not operate his vehicle in a negligent manner, there are questions of fact as to WOODHAM's conduct that should be presented to a jury to decide.

43. Specifically, there is an issue of material fact of whether ASTORGA was completely stopped at the time of the accident. Although ASTORGA stated she was completely stopped at the time of the accident, WOODHAM testified that he could not recall whether ASTORGA was completely stopped immediately before impact. Moreover, there is an issue of material fact of whether ASTORGA left ample time for WOODHAM to come to a complete stop before the collision through no fault of his own. Thus, viewing the facts most favorable to the Defendants, a reasonable jury could find that ASTORGA's vehicle came to a sudden stop, and can also find that WOODHAM therefore was not negligent.

44. In conclusion, Plaintiff ASTORGA has not provided the requisite proof to show how WOODHAM was negligent, and therefore, the motion for partial summary judgment must be denied.

WHEREFORE, it is respectfully submitted that plaintiff's motion for summary judgment should be denied in its entirety.

Dated: New York, New York
       January 29, 2018

Yours, etc.

FAUST GOETZ SCHENKER & BLEE LLP
By: Jeffrey Rubinstein (JR-7951)
*Attorneys for Defendants*
Two Rector Street, 20th Floor
New York, New York 10006
(212) 363-6900
Our File No.: 14296-CHB

TO:

Edward A. Steinberg, Esq.
LEAV & STEINBERG, L.L.P.
*Attorneys for Plaintiff*
140 Broadway, Suite 3601
New York, New York 10005
(212) 766-5222

Civil Action No.: 16-cv-5068

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SONJI M. ASTORGA,

            Plaintiff,

- against -

ALLSTATE OIL RECOVERY, CO.
and RICHARD J. WOODHAM,

            Defendants.

**DEFENDANTS' AFFIRMATION IN OPPOSITION
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON THE ISSUE OF LIABILITY**

FAUST GOETZ SCHENKER & BLEE LLP
By: Jeffrey Rubinstein
*Attorneys for Defendants*
ALLSTATE OIL RECOVERY, CO
and RICHARD J. WOODHAM
Two Rector Street, 20th Floor
New York., New York 10006
(212) 363-6900

FAUST GOETZ SCHENKER & BLEE LLP
*Attorneys for Defendants*
TWO RECTOR STREET
NEW YORK, NEW YORK 10006
(212) 363-6900