Edward A. Steinberg, Esq.
LEAV & STEINBERG, LLP
75 Broad Street, Suite 1601
New York, New York 10004
Tel. No.: (212) 766-5222
Fax No.: (212) 693-2377
Email: eas@lstriallaw.com

*Attorneys for Plaintiff-* SONJI M. ASTORGA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
SONJI M. ASTORGA,

                           DOCKET No.: 16-cv-5068

                Plaintiff,

   -against-

                           **PLAINTIFF'S REPLY AFFIRMATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

ALLSTATE OIL RECOVERY, CO. and
RICHARD J. WOODHAM,

                Defendants.
-------------------------------------------------------------------------X

STATE OF NEW YORK    )
                               )ss
COUNTY OF NEW YORK  )

I, Edward A. Steinberg, Esq., an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following under the penalties of perjury:

1. I am the attorney for the plaintiff SONJI M. ASTORGA ("ASTORGA" and/or "Plaintiff") and as such am fully familiar with the facts and circumstances of this action.

2. I submit this affirmation in reply to defendants ALLSTATE OIL RECOVERY, CO. and RICHARD J. WOODHAM ("WOODHAM") Affirmation in Opposition served on January 29, 2018; and in further support of Plaintiff's motion for partial summary judgment on the issue of liability as against defendants.

3. ASTORGA testified that at the time of the impact, her vehicle was at a complete stop for 10 seconds on Route 303 because of the red traffic light governing the intersection ahead

(Astorga, e.b.t. transcript, pg. 27, lns. 11-18; pg. 26, ln. 24). The point of impact occurred entirely within her lane of travel on Route 303, that resulted in heavy damage to the rear of her vehicle. *See*, Exhibit G. The front of the WOODHAM's truck struck the rear of Plaintiff's vehicle, while she was at a complete stop on the roadway. Plaintiff put forth sufficient proof that her vehicle was at a complete stop at the red traffic light when it was struck in the rear by defendants' truck; thereby sustaining her burden of establishing a *prima facie* case of negligence.

4. There is no allegation that Plaintiff's vehicle came to a stop in the middle of the roadway for no apparent reason. There is no allegation that Plaintiff's vehicle cut in front of WOODHAM's truck. There is no allegation that Plaintiff's vehicle changed lanes into WOODHAM's path of travel on the roadway. There is no allegation that Plaintiff accelerated through the intersection and then brought her vehicle to an "abrupt", "sudden" or "unexpected" stop for no reason whatsoever. Of importance, WOODHAM never testified at his sworn deposition that he observed ASTORGA's vehicle make a sudden stop on the roadway that caused the collision. WOODHAM had the opportunity to review the police accident report, and to recount what precisely he told the responding police officers at the scene as to the happening of the collision. He never once testified he told the responding police offices that ASTORGA's vehicle came to a sudden stop on the roadway ahead of him that caused the collision. WOODHAM testified he told the responding officers that: "I told them, I was driving down slow, stopped for the intersection and the vehicle in front of me also stopped, and I didn't have enough time to stop before the impact." (Woodham, e.b.t. transcript, pg. 52, lns. 5-8)

5. There was heavy traffic on northbound Route 303 at or near its intersection with East Erie Street at the time of the rear-end collision. This fact was admitted by WOODHAM, who testified the traffic was "stop-and-go" and described the traffic conditions as "heavy" on

northbound Route 303 at or near its intersection with East Erie Street (Woodham, e.b.t. transcript, pg. 36, lns. 16-19; pg. 45, lns. 16-17). There was a changing traffic light ahead on Route 303 at its intersection with East Erie Street, which traffic light was changing from yellow to red just before the crash (Woodham, e.b.t. transcript, pg. 55, lns. 18-19; pg. 43, lns. 7-9). Given these facts, the argument that ASTORGA's vehicle came to a sudden stop, is insufficient to raise a triable issue of fact to rebut the presumption of entitlement to summary judgment.

6. WOODHAM was under a duty to maintain a safe distance between his fully-loaded truck and Plaintiff's vehicle which was traveling immediately ahead of him. WOODHAM admitted to operating his truck at about 5 miles per hour and maintaining a 10-20-foot distance between the two vehicles—all despite "very heavy", "stop-and-go" traffic conditions on Route 303 (Woodham, e.b.t. transcript, pg. 44, ln. 21; pg. 43, lns. 7-9). WOODHAM admitted to having a full load on his truck at the time of the crash, that weight about 8,000 pounds (Woodham, e.b.t. transcript, pg. 19, ln. 15). WOODHAM admitted that the traffic light governing the approaching intersection was "going from yellow to red." (Woodham, e.b.t. transcript, pg. 55, lns. 18-19). Finally, WOODHAM admitted he observed ASTORGA's vehicle—the first vehicle at the traffic light—either slowing down or at a stop immediately in front of his truck prior to the crash (Woodham, e.b.t. transcript, pg. 52, lns. 5-8; pg. 43, lns. 22-24).

7. Contrary to the defendants' arguments in their Affirmation in Opposition that: a) Plaintiff's vehicle was moving at the time of the occurrence; b) Plaintiff's activated brake lights do not conclusively prove her vehicle was at a complete stop at the time of the occurrence and c) Plaintiff's vehicle came to a sudden stop just before the impact, they failed to rebut the presumption of negligence in this rear-end collision.

8. Admittedly, WOODHAM observed the brake lights engaged on Plaintiff's vehicle, and had the understanding that her vehicle was slowing down for the changing traffic light at the approaching intersection. There was nothing about Plaintiff's stop on Route 303 on the date of the accident that was sudden, abrupt, unexpected or unusual—and this is supported by the defense witness's own testimony.

9. Even accepting the argument raised by defendants' attorneys (relying on a hearsay statement attributable to WOODHAM in a police accident report), that Plaintiff came to a sudden stop on the roadway, this does not raise an issue of fact and does not provide a non-negligent explanation for the rear-end collision. Considering the totality of the facts, that WOODHAM admitted the traffic conditions on Route 303 were "very heavy" and vehicles were "stop-and-go", and further, that vehicles were approaching a changing traffic light ahead—WOODHAM knew that vehicle stoppages, even if frequent and sudden, in the "very heavy" traffic on Route 303 was reasonable expected.

10. Assuming *arguendo* that the facts support a showing that Plaintiff's vehicle was slowing down to a stop on the roadway, WOODHAM admitted:

   a) There was heavy "stop-and-go" traffic on Route 303 in the minutes before the collision;

   b) He observed Plaintiff's brake lights engaged prior to the collision;

   c) At the same time, he saw Plaintiff's brake lights, he saw the traffic light up ahead changing from yellow to red;

   d) Despite acknowledging the prevailing traffic conditions, WOODHAM was traveling at 5 miles per hour at the time he saw Plaintiff's brake lights engaged and the

changing traffic light ahead and maintaining a 10-20-foot distance between the vehicles vehicle and at time of the impact—all the while traveling with an 8,000 load.

11. Plaintiff's vehicle slowing down on the roadway was reasonably expected and should have been anticipated by WOODHAM given the heavy traffic conditions ahead and the changing traffic light—which were known to WOODHAM prior to the collision. Given these admissions by the WOODHAM at his deposition, under no interpretation of the facts in this case, can defendants set forth a non-negligent explanation for the happening of the accident.

12. Defendants assert the facts are disputed in this case as to whether Plaintiff was stopped for a period of time before the impact, or whether a sudden stop was made, which would, according to defendants, provide a non-negligent explanation for the accident, rendering summary judgment inappropriate.

13. The sole cause of this rear-end collision was the WOODHAM's conduct in tailgating the Plaintiff's vehicle while continuing to operate his truck (WOODHAM admits his truck was moving at the time of the crash, although at decreased speed), despite his own observations of the "very heavy", "stop-and-go" traffic, changing traffic light from yellow to red and traveling with a full load weighting in at 8,000 pounds on Route 303. WOODHAM failed to maintain a safe distance between his truck and Plaintiff's vehicle and failed to reduce the speed of his truck given the traffic conditions then and there existing—had he done so the seconds he observed Plaintiff's vehicle with the brake lights engaged, would have afforded him sufficient time to bring his truck to a stop without striking the rear of Plaintiff's vehicle.

14. Simply arguing that there are different accounts of an accident, as defendants do in this case, is not enough to raise issues of fact since the burden is on the moving vehicle to provide a non-negligent explanation for the rear-end collision. Whether the lead vehicle was

stopped or moving, or whether the lead vehicle came to a gradual stop or an "abrupt stop", standing alone, is not a non-negligent explanation by the rear-ending vehicle.

15. The operator of a vehicle approaching another from the rear, here WOODHAM, is duty bound to maintain a safe distance between his vehicle and the one traveling immediately in front of it, to travel at a reasonably safe speed for the roadway and traffic conditions then and there existing at the time, to use reasonable care to avoid colliding with another vehicle, to see what there is to be seen in front of him as he is operating his fully loaded truck on the road and to maintain control of his truck. Simply put, WOODHAM was not operating his truck with enough distance and at a reasonable speed to bring his truck to a complete stop, given the circumstances then and there existing on the roadway while operating his truck with a full 8,000-pound load. Had he done so, he would have had enough time to safely stop his truck behind ASTORGA without crashing into the rear of her stopped vehicle.

16. In this case, the only conclusion to be drawn (which is not based on credibility of the parties) is that defendants failed to rebut the presumption of negligence in a rear-end collision case and that the purported explanations in the affidavit by defendants were insufficient to raise triable issue of fact to warrant denial of the summary judgment motion.

## CONCLUSION

It is clear that Plaintiff made out a *prima facie* case of entitlement to summary judgment as a matter of law which defendants utterly failed to rebut.

Dated: New York, New York
      February 12, 2018

_Edward Steinberg_ (DFH)
Edward A. Steinberg, Esq.
LEAV & STEINBERG, LLP