Edward A. Steinberg, Esq.
LEAV & STEINBERG, LLP
75 Broad Street, Suite 1601
New York, New York 10004
Tel. No.: (212) 766-5222
Fax No.: (212) 693-2377
Email: eas@lstriallaw.com

*Attorneys for Plaintiff-* SONJI M. ASTORGA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SONJI M. ASTORGA,

                            Plaintiff,                    DOCKET No.: 16-cv-5068

            -against-

ALLSTATE OIL RECOVERY, CO. and                    **MEMORANDUM OF LAW**
RICHARD J. WOODHAM,

                            Defendants.
-------------------------------------------------------------------X
TO THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE:

## PRELIMINARY STATEMENT

1.      This Memorandum of Law is submitted in support of plaintiff's SONJI M.

ASTORGA (ASTORGA and/or Plaintiff) application for an Order, pursuant to Rule 56 of the

Federal Rules of Civil Procedure, granting Plaintiff partial summary judgment on the issue of

liability as against defendants ALLSTATE OIL RECOVERY, CO. and RICHARD J.

WOODHAM (WOODHAM), and setting this matter on the Trial Calendar for a trial on the issue

of damages only, together with such other and further relief as the Court deems just and proper.

2.      This is an action seeking damages for bodily injuries sustained by plaintiff SONJI

M. ASTORGA, in an automobile accident that occurred on August 24, 2015, on northbound

Route 303 at or near its intersection with East Erie Street in New York.  The details of the factual

circumstances surrounding this accident are set forth in the moving Affirmation of Edward A.

Steinberg, Esq., dated December 11, 2017 (the "Steinberg Affirmation") and the exhibits

annexed thereto, to which this Court is respectfully referred.

       3.      Briefly, however, the accident occurred when WOODHAM, operated his truck

(which contained a full garbage container) with insufficient space between his truck and

Plaintiff's vehicle, and which failed to come to a stop at the traffic light governing the

intersection, thereby causing a rear-end collision with Plaintiff's vehicle while she was at a stop

at the red traffic light.  WOODHAM admitted to seeing the rear brake lights activated on

Plaintiff's vehicle—a clear indication that Plaintiff's vehicle was stopping and/or stopped before

the crash.  He also admitted to seeing the traffic light (which was about 20 feet ahead of him)

turn from yellow to red.  WOODHAM simply failed to pay attention, operate his truck at a

reasonable speed given the circumstances then and there existing (construction crew working on

the center median just a few feet form the accident location, as well as approaching heavy traffic

conditions and changing traffic light) and stop the truck with sufficient distance/speed keeping in

mind his full load, and could not bring the truck to a stop before crashing into the rear of

Plaintiff's vehicle.  It is important to note, that during the totality of WOODHAM's deposition,

he never once characterized Plaintiff's stop as "sudden", "abrupt" or "unexpected"—despite the

description contained in the police accident report.  Instead, the opposite is true, WOODHAM

was aware that traffic was moving slowly, that there was "heavy" conditions and "stop-and-go

traffic situation" on northbound Route 303 before reaching the intersection of East Erie Street.

       4.      Under the circumstances, summary judgment should be granted to ASTORGA as

there are no genuine issues of material fact that require a trial on the issue of defendants

ALLSTATE OIL RECOVERY, CO. and RICHARD J. WOODHAM liability for causing the accident.  ASTORGA is, therefore, entitled to summary judgment as a matter of law.

## SUMMARY JUDGMENT STANDARD

5.       Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

6.       The moving party must initially satisfy a burden of demonstrating the absence of a genuine issue of material fact, which can be done merely by pointing to an absence of evidence in support of the nonmoving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-25, 106 S. Ct. 2548 (1986)

7.       The nonmoving party must then come forward with "specific facts showing that there is a genuine issue for trial" by "a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, *supra*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986)

8.       The Court "must resolve all ambiguities and draw all reasonable inferences in favor of the party defending against the motion." Eastway Construction Corp. v. New York, 762 F.2d 243, 249 (2d Cir., 1985) and Holcomb v. Iona Coll., 521 F.3d 130, 132 (2d Cir. 2008)

9.       The Court is to inquire whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505 (1986), and to grant summary judgment where the nonmovant's evidence is merely colorable, conclusory, speculative or not significantly probative. *Id*, at 249-50.

10.    A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment.  Hicks v. Baines, 593 F. 3d 159, 166 (2d Cir., 2010)

11.    To determine whether the nonmoving party has met his or her burden, the Court must focus on both the materiality and the genuineness of the factual issues raised by the nonmovant.  As to materiality, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."  Anderson v. Liberty Lobby, Inc., *supra*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986)  In other words, only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., *supra*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986)

12.    In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."  Johnson v. Killian, 680 F.3d 234, 236 (2d Cir., 2012)

13.    To survive a summary judgment motion, the opposing party must establish a guanine issue of fact by "citing to particular parts of the materials in the record."  Rule 56(c)(1)(A) and Wright v. Goord, 554 F.3d 255, 266 (2d Cir., 2009)

14.    A dispute over irrelevant or unnecessary facts will not preclude summary judgment, see *id.*, but the presence of unresolved factual issues that are material to the outcome of the ligation mandates a denial of the summary judgment motion.  Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11-12 (2d Cir., 1986)

15.     If the Court determines that "the record taken as a whole could not lead a rational

trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'." Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)

16.     The mere fact that the case involves a claim of negligence does not preclude a

granting of summary judgment. Cumminksey v. Chandris, S.A., 719 F. Supp. 1183, 1186

(S.D.N.Y.1989)

17.     Plaintiff will be entitled to summary judgment where there is no conflict at all in

the evidence the defendant's conduct fell far below any permissible standard of care and the

plaintiff's conduct was not really involved.  Leber v. Hill, 671 F. Supp. 321 (S.D.N.Y. 10-27-

1987)

18.     That opposing parties assert competing versions of the same event is not in itself

sufficient to preclude summary judgment, in that contradictory testimony only establishes a

"genuine" issue for trial if it "leads to a different legal outcome."  Berk v. St. Vincent's Hosp. &

Med Ctr., 380 F. Supp2d 334, 346 (S.D.N.Y. 2005)

## DEFENDANTS ARE PRIMA FACIE NEGLIGENT FOR CAUSING A REAR-END
## COLLISION WITH PLAINTIFF'S VEHICLE.

19.     It is well established that a rear end collision with a stopped or stopping vehicle creates

a *prima facie* case of liability with respect to the operator of the moving vehicle, imposing a duty of

explanation on its operator[1].  Pelikan v. Latney-Castillo, 135 A.D.3d 839, 23 N.Y.S.3d 354 (2nd

Dept., 2016)  ("Here, Konate and Myna Taxi established their prima facie entitlement to judgment

as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that

---

[1] DeJesus v. Rafael, 2002 WL 31925501 (S.D.N.Y., 12-31-2002, J. Kram);  Brown v. Brenes,
2001 WL 262683 (S.D.N.Y., 3-15-2001, J. Kram) and Norman v. Scott, 2000 WL 37995
(S.D.N.Y., 1-14-2000, Magistrate Judge Francis)

the rear end collision was proximately caused by Latney-Castillo's negligence in the operation of her vehicle and that Konate was not at fault in the happening of the accident.  In opposition, the plaintiff failed to raise a triable issue of fact.") and Bene v. Dalessio, 135 A.D.3d 679, 22 N.Y.S.3d 237 (2nd Dept., 2016)  ("The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting evidence demonstrating that he had been stopped in traffic for about 30 seconds when he was rear-ended by the defendants' vehicle.  In opposition, the defendants failed to raise a triable issue of fact.")

20.     The operator is required to rebut the inference of negligence created by the unexplained rear end collision[2].  The driver of a stopped vehicle has no such presumption of negligence against him even through his vehicle may in turn hit another stopped vehicle.  Moskovitz v. Dean, 2001 WL 1442674 (S.D.N.Y., 11-15-2001, J. Griesa)  If the operator cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law[3].  Barile v. Lazzarini, 222 A.D.2d 635, 635 N.Y.S.2d 694 (2nd Dept., 1995)

21.     A driver is expected to drive at a sufficiently safe speed and to maintain enough distance between himself and cars ahead of him so as to avoid a rear-end collision, taking into account the weather and road conditions[4].  In other words, when a driver approaches another vehicle

---

[2] DeJesus v. Rafael, supra, 2002 WL 31925501 (S.D.N.Y., 12-31-2002, J. Kram);  Brown v. Brenes, 2001 WL 262683 (S.D.N.Y., 3-15-2001, J. Kram) and Norman v. Scott, supra, 2000 WL 37995 (S.D.N.Y., 1-14-2000, Magistrate Judge Francis)

[3] DeJesus v. Rafael, supra, 2002 WL 31925501 (S.D.N.Y., 12-31-2002, J. Kram);  Brown v. Brenes, supra, 2001 WL 262683 (S.D.N.Y., 3-15-2001, J. Kram) and Norman v. Scott, supra, 2000 WL 37995 (S.D.N.Y., 1-14-2000, Magistrate Judge Francis)

[4] Brown v. Brenes, supra, 2001 WL 262683 (S.D.N.Y., 3-15-2001, J. Kram  ("...Brenes should have been aware that because there was heavy traffic cars could be stopped on the other side of the curve.  See, Diller v. City of New York Police Department, 269 A.D.2d 143, 701 N.Y.S.2d 432 (1st Dept., 2000)  (holding that because it can easily be anticipated that cars up ahead will

from the rear, he is bound to maintain a reasonably safe rate of speed, maintain control of his vehicle, and use reasonable care to avoid colliding with the other vehicle. The operator of the following vehicle is obligated to be aware of the general traffic conditions. Norman v. Scott, *supra*, 2000 WL 37995 (S.D.N.Y., 1-14-2000, Magistrate J. Francis)

22.     Defendant driver, here WOODHAM, is under a duty to maintain a safe distance between the two vehicles, his failure to do so in the absence of an adequate non-negligent explanation continues negligence as a matter of law[5]. Barile, *supra* and New York Vehicle and Traffic Law §1129(a) [the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.] *See also*, New York Pattern Jury Instructions, §2:82A.

23.     The failure of an opposing party to rebut the presumption of negligence will entitle the moving party to summary judgment on the issue of fault. Toulson v. Young Han Pae, 6 A.D.3d 292, 774 N.Y.S.2d 706 (1st Dept., 2004)  The opposing party must produce evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact, which requires a trial of the action. Alvarez v. Prospect Hospital, 68 N.Y.2d 320, 508 N.Y.S.2d 923 (Court of Appeals, 1986) and Zuckerman v. City of New York, 49 N.Y.2d 557, 427 N.Y.S.2d 595 (Court of Appeals, 1980).

---

make frequent stops in rush hour traffic, defendant driver's failure to anticipate and react to the slow and cautions movements of plaintiff's vehicle is not an adequate, non-negligent explanation for the accident); *Johnson v. Phillips*, 261 A.D.2d 269, 690 N.Y.S.2d 545, 547 (1st Dept., 1999) (holding hat drivers have a duty to be aware of traffic conditions, including vehicle stoppages)).

[5] Moskovitz v. Dean, *supra*, 2001 WL 1442674 (S.D.N.Y., 11-15-2001, J. Griesa)  (quoting from NY Vehicle and Traffic Law §1129(a) that provides:  The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.")

24.     When the defendant operator of a motor vehicle fails to come forward with any evidence to rebut the inference of negligence, the driver of the lead vehicle may properly be awarded summary judgment as a matter of law.  In <u>Shamah v. Richmond County Ambulance Service, Inc.</u>, 279 A.D.2d 564, 719 N.Y.S.2d 287 (2nd Dept., 2001) the Appellate Division stated:

> "It is well settled that a rear end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the moving vehicle, requiring the operator of the vehicle to come forward with a non-negligent explanation of the accident. Conclusory assertions of a sudden and unexpected stop are insufficient to rebut the inference of negligence. Moreover, vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her car and the car ahead."

25.     <i>See also</i>, <u>Harrington v. Kern</u>, 52 A.D.3d 473, 849 N.Y.S.2d 480 (2nd Dept., 2008), where the Court opined:

> "In opposition, the defendant failed to raise a triable issue of fact.  At his deposition, the defendant testified that there was stop and go traffic near the scene of the accident.  He further testified that he observed the plaintiff's vehicle come to a normal stop in normal stop and go traffic a few seconds before impact.  The defendant applied his brakes when he was 3 to 5 feet behind the plaintiff's vehicle and was unable to come to a complete stop behind her.  As an explanation for his failure to come to a complete stop, he stated, It's my opinion that there was a short stop.  Since the defendant acknowledged that there was stop and go traffic, he cannot claim that plaintiff's stop was unanticipated.  He admitted that he saw the plaintiff's vehicle come to a stop a few seconds before impact. His opinion that the plaintiff made a short stop was insufficient to raise a triable issue of fact.  The defendant was obligated to take appropriate precautions, including maintaining a safe distance."

26.     It is well-settled that vehicle stops which are foreseeable under the prevailing conditions, particularly while at a complete stop at a steady red traffic light, even if sudden or frequent, must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her car and the car ahead.  <u>Cortese v. Pobejimov</u>, 136 A.D.3d 635, 24 N.Y.S.3d 405 (2nd Dept., 2016)  ("In support of their motion for summary judgment, the appellants established, prima facie, their entitlement to judgment as a matter of law by

demonstrating that while stopped in traffic for a red traffic light at the aforementioned intersection, their vehicle was struck in the rear by Pobejimov's vehicle.  In opposition, neither the plaintiff nor Pobejimov raised a triable issue of fact.").

27.     *Consider further*, <u>Raimondo v. Plunkitt</u>, 102 A.D.3d 851, 958 N.Y.S.2d 460 (2nd Dept., 2013)  ("Here, the Plunkitts satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law by demonstrating that their vehicle was stopped behind the plaintiff's vehicle at a red traffic light when it was struck from the rear by the vehicle operated by Antone and propelled into the plaintiff's vehicle.  In opposition, neither the plaintiff nor Antone raised a triable issue of fact."); <u>Ballatore v. Hub Truck Rental Corp.</u>, 83 A.D.3d 978, 922 N.Y.S.2d 180 (2nd Dept., 2011)  ("Here, the plaintiffs' established, prima facie, that Butler, who was driving the truck in the course of his employment with Nuzzolese, rear-ended the injured plaintiff's vehicle while that vehicle was stopped at a red traffic light.  In opposition, Butler and Nuzzolese failed to raise a triable issue of fact as to the existence of a non-negligent explanation for the accident.") and <u>Savarese v. Cerrachio</u>, 79 A.D.3d 725, 911 N.Y.S.2d 921 (2nd Dept., 2010) ("Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting proof that the defendant struck the back of his vehicle after it had come to a lawful stop at a red light…Accordingly, the plaintiff was entitled to summary judgment on the issue of liability.")

28.     The mere fact that the lead vehicle stopped short is not sufficient to relieve the operator of the following vehicle from liability.  <u>Norman v. Scott</u>, *supra*, 2000 WL 37995 (S.D.N.Y., 1-14-2000, Magistrate J. Francis)

29.     Conclusory allegations of a sudden and unexpected stop are insufficient to rebut the inference of negligence created by the unexplained rear end collision. <u>Moskovitz v. Dean</u>, *supra*, 2001 WL 1442674 (S.D.N.Y., 11-15-2001, J.  Griesa); <u>Bekiaris v. U.S.</u>, 1998 WL

418917 (S.D.N.Y., 7-23-1998) ("An assertion that the car ahead stopped short in heavy traffic is insufficient to rebut the presumption of negligence...The testimony of defendant's employee, Katherine Staveskie, did not disclose any 'sudden and unavoidable' circumstances that caused the January 20, 1994 accident.  Accordingly, defendant has failed to rebut the presumption of negligence under New York law.") and Leber v. Hill, *supra*, 671 F. Supp. 321 (S.D.N.Y. 10-27-1987) ("Counsel for defendant suggests that plaintiff may have stopped short or his brake lights may have been faulty since Mrs. Hill saw no brake lights.  These theories are completely unsubstantiated by any of Mrs. Hill's testimony.  At no place in her deposition testimony or in her statement to the police or in her MV-104 report did Mrs. Hill even suggest that plaintiff stopped short or that his brake lights were not working.  What she did testify to was that she did not see either the stop sign or plaintiff's car.  Counsel for defendant engages in speculation as to how the accident may have occurred.  It must be remembered that the court is not obliged to ferret out speculative issues to get the case to the jury.")

30.    It is well-settled that vehicle stops which are foreseeable under the prevailing conditions, particularly with traffic, even if sudden or frequent, must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her car and the car ahead[6].  *See*, Gutierrez v. Trillium USA, LLC, 111 A.D.3d 669, 974 N.Y.S.2d 563 (2nd Dept., 2013) (plaintiff awarded summary judgment on the issue of liability;  plaintiff averred the

---

[6] Moskovitz v. Dean, *supra*, 2001 WL 1442674 (S.D.N.Y., 11-15-2001, J. Griesa) ("...the concept of a sudden stop came from the words of the attorney and not from Dean.  Dean had previously been asked how far he was from Slater's vehicle the last time the vehicles stopped before impact and Dean said it was more than one car length.  Dean could not distinguish this stop from others that occurred that day in the stop and go traffic and he did not explain why a distance of a car length was not sufficient for him, if he was carefully, to come to a stop without hitting Slater's vehicle.  Dean did not know the speed his vehicle was traveling prior to impact.  Therefore, Dean's contention about a sudden stop by Slater is insufficient to rebut the presumption of Dean's negligence or to raise a triable issue of fact.")

accident took place during evening rush hour traffic on the Van Wyck Expressway, when plaintiff's vehicle was struck in the rear while she was traveling in the middle lane on the expressway); Robayo v. Aghaabdul, 109 A.D.3d 892, 971 N.Y.S.2d 317 (2nd Dept., 2013) ("Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting evidence that the defendant's vehicle struck his vehicle in the rear as the plaintiff's vehicle was slowing down for traffic in front of it [while traveling in the right lane on the George Washington Bridge]. In opposition, the defendant failed to raise a triable issue of fact."); Martoelli v. Marcus, 106 A.D.3d 883, 966 N.Y.S.2d 137 (2nd Dept., 2013)  ("The injured plaintiff alleged that both his vehicle and the Mirzakandov vehicle were stopped in traffic, without touching each other, when the defendant's vehicle struck the rear of the injured plaintiff's vehicle.  In opposition, the defendant failed to submit evidence sufficient to raise a triable issue of fact.") and Gifford v. Consolidated Edison Co. of New York, 103 A.D.3d 773, 959 N.Y.S.2d 728 (2nd Dept., 2013) (plaintiff awarded summary judgment on the issue of liability;  the collision between plaintiff's vehicle and the defendant's truck occurred on the expressway, in slow traffic, when the defendant's truck came into contact with the rear of plaintiff's vehicle.  "Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that her car was stopped or stopping when the defendant's truck struck her car in the rear.  In opposition, the defendants failed to raise a triable issue of fact.")

31.    *Consider further*, Xian Hong Pan v. Buglione, 101 A.D.3d 706, 955 N.Y.S.2d 375 (2nd Dept., 2012) ("Here, [defendants] established their prima facie entitlement to judgment as a matter of law by submitting evidence that [co-defendant's] vehicle struck their vehicle in the rear as it was slowing down for the traffic conditions ahead of it.  In opposition, the plaintiffs and [co-defendants] failed to submit evidence sufficient to raise a triable issue of fact..."); Taing v.

Drewery, 100 A.D.3d 740, 954 N.Y.S.2d 175 (2nd Dept., 2012)  (plaintiff awarded summary

judgment on the issue of liability;  plaintiff was driving across the Brooklyn Bridge from Brooklyn

to Manhattan, her highest rate of speed between stops in stop-and-go-traffic was only five miles

per hour.  "Here, plaintiff established his prima facie entitlement to judgment as a matter of law

by demonstrating that his car was struck from behind by the defendant's car.  In opposition, the

defendant failed to raise a triable issue of fact.  "Here, in heavy traffic in which her car never went

faster than five miles per hour, the defendant failed to raise a triable issue of fact as to whether she

maintained a safe distance between her car and the plaintiff's car and anticipated that the plaintiff

might come to a sudden stop.");  Hanakis v. DeCarlo, 98 A.D.3d 1082, 951 N.Y.S.2d 206 (2nd

Dept., 2012)  (plaintiff awarded summary judgment on the issue of liability when struck in the rear

by defendant's vehicle in stop-and-go traffic on the roadway); Byrne v. Calogero, 96 A.D.3d 704,

96 A.D.3d 704 (2nd Dept., 2012);  Kastritsios v. Marcello, 84 A.D.3d 1174, 934 N.Y.S.2d 863 (2nd

Dept., 2011) and Plummer v. Nourddine, 82 A.D.3d 1069, 919 N.Y.S.2d 187 (2nd Dept., 2011)

32.    *See further*, Volpe v. Limoncelli, 74 A.D.3d 795, 902 N.Y.S.2d 152 (2nd Dept.,

2010) ("Vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden

and frequent, must be anticipated by the driver who follows, since he or she is under a duty to

maintain a safe distance between his or her car and the car ahead."); Staton v. Ilic, 69 A.D.3d 606,

892 N.Y.S.2d 486 (2nd Dept., 2010) ("The defendant driver's mere assertion that the Zorilla vehicle

came to a sudden stop while traveling in heavy traffic was insufficient to raise a triable issue of

fact."); Lampkin v. Chan, 68 A.D.3d 727, 891 N.Y.S.2d 113 (2nd Dept., 2009) ("The defendants'

claim that the plaintiff made a sudden stop in heavy traffic, standing alone, under the circumstances

of this case, was insufficient to rebut the presumption of negligence."); Rainford v. Han, 18

A.D.3d 638, 795 N.Y.S.2d 645 (2nd Dept., 2005) ("…the appellants came forward with evidence

establishing that they were traveling in heavy stop-and-go traffic, that the defendant brought their vehicle to a gradual stop, and that after they were at a complete stop, their vehicle was struck in the rear by a vehicle driven by defendant."); Lewis v. Kittay, 306 A.D.2d 386, 760 N.Y.S.2d 869 (2nd Dept., 2003) ("Both the Lewis vehicle and the appellants' vehicle were completely stopped in traffic when the appellants' vehicle was struck by the Thornton vehicle...In opposition to the motion, the plaintiffs failed to raise a triable issue of fact as to whether Delape was negligent."); Dickie v. Pei Xiang Shi, 304 A.D.2d 786, 759 N.Y.S.2d 141 (2nd Dept., 2003) ("The defendants' explanation that the plaintiff's vehicle came to an abrupt or sudden stop in traffic is insufficient to rebut the inference of negligence."); McNulty v. DePetro, 298 A.D.2d 566, 750 N.Y.S.2d 89 (2nd Dept., 2002) ("It is undisputed that Sherman's vehicle struck the appellant's vehicle from the rear while the appellant was stopped in heavy traffic on the Southern State Parkway."); Krakowska v. Niksa, 298 A.D.2d 561, 749 N.Y.S.2d 55 (2nd Dept., 2002) ("Here, the deposition testimony of Niksa established that she breached her duties to maintain a reasonably safe distance between her vehicle and the car ahead of her, and to be aware of the traffic conditions which were readily observable."); Flippazzo v. Santiago, supra, ("The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.  Moreover, drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident."); McKeough v. Rogak, 288 A.D.2d 196, 288 A.D.2d 196 (2nd Dept., 2001) ("The plaintiff's explanation, in effect, that the defendant's car stopped suddenly, is insufficient to raise a triable issue of fact."); Jeremic v. Tong, 283 A.D.2d 461, 724 N.Y.S.2d 484 (2nd Dept., 2001) ("Although the defendant claimed that the third party defendants' vehicle stopped short, that allegation failed to raise a triable issue of fact as to whether the third-party defendants were

negligent and whether such negligence was a proximate cause of the accident."); <u>Dileo v. Greenstein</u>, 281 A.D.2d 586, 722 N.Y.S.2d 259 (2nd Dept., 2001) (same) and <u>Kachuba v. A&G Cleaning Service, Inc.</u>, 273 A.D.2d 277, 709 N.Y.S.2d 851 (2nd Dept., 2000) ("The plaintiff, the driver of the moving vehicle, failed to provide a non-negligent explanation for the accident. The plaintiff's deposition testimony established that he breached his duty to maintain a reasonably safe distance between his vehicle and the cars ahead of him and to be aware of traffic conditions. The Supreme Court properly concluded that the plaintiff's failure to observe traffic conditions and maintain a safe distance was the proximate cause of the accident.")

33.   It cannot be reasonably disputed that WOODHAM's failure to maintain a safe driving distance and travel at a sufficiently safe speed given the conditions then and there existing on the roadway, as well as roadway conditions (*to wit*, traffic conditions at a red light on northbound Route 303) was the sole proximate cause of this rear-end collision. ASTORGA's vehicle was at a complete stop at the red traffic light in the lane on northbound Route 303 for 10 seconds when it was struck in the rear.

34.   The unrebutted evidence demonstrates defendant WOODHAM, in approaching and hitting ASTORGA's stopped vehicle in the rear, did not maintain the reasonable distance mandated by New York Vehicle and Traffic Law §1129(a) and failed to observe that which with proper use of his senses should have seen, particularly, the traffic conditions on the roadway at the time of the occurrence. Defendant WOODHAM must come forward with some evidence to rebut the inference of his own negligence created by the rear-end collision to demonstrate that ASTORGA contributed to the accident.

35.   A violation of a standard of care imposed by the New York Vehicle and Traffic Law constitutes negligence per se. If one party establishes prima facie a violation of the traffic

14

law, the burden shifts to the other party to produce evidence showing that there was no violation

or offering a sufficiently reasonably explanation or excuse for the violation.  The testimony and

facts of this case demonstrate that WOODHAM violated New York Vehicle and Traffic Law

§1129(a).  Barbieri v. Vokoun, 72 A.D.3d 853, 900 N.Y.S.2d 315 (2nd Dept., 2010)

36.    Defendant's WOODHAM inability to stop and avoid the collision was not a result of

ASTORGA's negligence, but a result of his own negligence.  Here, in the absence of an adequate,

non-negligent explanation on defendant's part, ASTORGA cannot be found to have been at fault.  It

is undeniably clear that defendants were solely responsible for the accident that caused Plaintiff's

severe injuries.  As such, it is respectfully submitted that the circumstances and evidence in this case

leave no triable issues of facts regarding liability and summary judgment is warranted.

37.    Consider the following decisions from the United States District Court, Southern

District of New York:  Salus v. Sivan, 534 F. Supp.2d 430 (S.D.N.Y., 2008)  ("...Sivan's only

explanation for why her car hit plaintiff's is that Salus, who was only one car length ahead of her,

came to a 'sudden stop', which has been ruled to be insufficient as a matter of law.  Sivan's citation

to VTL §1111(b) ("Yellow indications") is unavailing.  That section of the law, by its literal terms,

indicates that a driver approaching an intersection when the light turns yellow "is thereby warned

that the related green movement is being terminated or that a red indication will be exhibited

immediately thereafter."  Salus, seeing the light turn yellow, had no obligation to speed through

the intersection.  His choice to stop at the yellow light, and not chance turning into oncoming

traffic, would have been prudent, but for the fact that Sivan was only one car length behind him.

By failing to maintain a safe distance between her car and his, Sivan negligently caused the

accident...Plaintiff's motion for summary judgment on liability is granted.  The trial of this action

will be limited to the issue of damages.");  Polonia v. Dunphy, supra, 2012 WL 2376467

15

(S.D.N.Y., 2012)   ("...Dunphy provides no non-negligent explanation for the accident.   He testified that the rented Explorer was in 'good condition, it was new, I believe.'   The road was not wet and Dunphy testified that there was nothing blocking the view in front of him.   Dunphy's testimony that the vehicle in which the plaintiff was riding stopped at least five seconds in front of him in traffic is insufficient to rebut the inference of negligence.   Moreover, Dunphy even testified that he 'didn't really pay attention' to what was going on.   In *Silberman*, the Appellate Court affirmed the lower courts granting of summary judgment for the plaintiff because the only explanation the defendant driver provided for why he rear-ended the plaintiff was that the plaintiff's vehicle 'stopped suddenly and without warning.' 109 A.D.2d at 883.   The court held that the defendant was under a 'duty to maintain a safe distance between the two vehicles (*see*, Vehicle and Traffic Law §1129[a]) and his failure to do so, in the absence of an adequate, non-negligent explanation, constituted negligence as a matter of law.   *Id.*   The same reasoning applies to the present case.   Although Dunphy claims that Plaintiff's vehicle stopped suddenly and without warning after changing lanes, summary judgment should still be granted because of Dunphy's failure to maintain a safe distance between the two vehicles."); Norman v. Scott, *supra*, 2000 WL 37995 (S.D.N.Y., 1-14-2000, Magistrate J. Francis) ("In this case it is undisputed that the vehicles were operating in bumper-to-bumper traffic.   Notwithstanding his awareness of these conditions, Mr. Scott admits to tailgating.   Furthermore, he has not suggested how he could have avoided the accident if Ms. Norman had signaled a turn.   This is not for example, a case where the collision occurred because the following vehicle was trying to pass a car that was making an unsignaled turn into the same lane of traffic.   Under the circumstances here, then, Mr. Scott has not rebutted the inference of negligence, and the plaintiffs are entitled to summary judgment on liability."); Waller v. Williams, 2005 WL 1460562 (S.D.N.Y., 6-20-2005) ("The presumption raised by a

rear-end collision under certain circumstances is clearly applicable. Williams's deposition testimony, Cooper's statements to the police at the time of the accident, and the police report itself all indicate that Williams's vehicle was stopped at the time it was struck by Cooper and propelled into the vehicle in which Waller was riding as a passenger. But even if, as Cooper contends in his deposition testimony, Williams's vehicle was not fully stopped, but attempting to stop at the time of the accident, a rear end collision would nonetheless raise a presumption of negligence under the principles outlined above.") and Leber v. Hill, *supra*, 671 F. Supp. 321 (S.D.N.Y. 10-27-1987) (Plaintiff Anthony Leber was lawfully stopped at a stop sign, and Mrs. Hill, traveling behind him in the same direction, had a duty to likewise obey the traffic sign and come to a timely halt. Most assuredly, she failed to do so.").

## CONCLUSION

38.     The facts and evidence adduced in this action demonstrate that the ASTORGA operated her vehicle in a safe, prudent manner. Plaintiff brought her vehicle to complete stop for 10 seconds at the red traffic light at the intersection of Route 303 and East Erie Street. WOODHAM failed to maintain a proper and safe distance between his truck and Plaintiff's vehicle and failed to avoid the rear-end collision that is the subject of this action. The evidence further demonstrates that WOODHAM has not and cannot provide a reasonable, non-negligent explanation for the occurrence of the accident.

39.     Under these circumstances and the controlling case law authority cited herein (both in the Second Department and United States District Court, Southern District), ASTORGA is entitled to partial summary judgment on the issue of liability as against defendants ALLSTATE OIL RECOVERY, CO. and RICHARD J. WOODHAM. Plaintiff's motion should be granted and

this matter should be placed on the trial calendar for a trial on the issue of damages alone, together with such other and further relief as the Court deems just and proper.

40.     Since there are no triable issues to be resolved concerning the issue of liability herein, ASTORGA is entitled to summary judgment.  <u>Koenig v. Price</u>, 200 A.D.2d 559, 606 N.Y.S.2d 310 (2nd Dept., 1994) and <u>Andres v. Pomeroy</u>, 35 N.Y.2d 361, 362 N.Y.S.2d 131 (Court of Appeals, 1974)

Dated:  New York, New York
       December 13, 2017

                                    _____

                                      Edward A. Steinberg, Esq.
                                      LEAV & STEINBERG, LLP