USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/22/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SONJA M. ASTORGA,

                                **Plaintiff,**                **16-CV-05068 (SN)**

                        -against-                              **OPINION & ORDER**

ALLSTATE OIL RECOVERY, CO., et al.,

                                **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

        Plaintiff Sonji Astorga commenced this action on June 28, 2016, alleging that Defendants' negligence caused an auto accident that resulted in personal injury. She moves for summary judgment with respect to the liability portion of the case.

BACKGROUND

        Unless otherwise noted, all the following facts are uncontested. On August 25, 2015, Astorga was driving a sedan on Route 303 in New York. SMF ¶¶ 1 6; Ex. A ¶¶ 14, 15 ("Complaint). Astorga's vehicle was directly in front of a truck driven by defendant Richard J. Woodham. SMF ¶ 13; Ex. E, p. 42:7 ("Df. Dep."). Woodham was driving this truck—owned by codefendant Allstate Oil Recovery, Co. ("Allstate Oil")—in the normal course and scope of his employment for Allstate Oil. SMF ¶¶ 3, 4; Ex. B ¶¶ 16, 17 ("Answer"). Both vehicles were traveling northbound on Route 303 when Woodham's truck hit Astorga's car in the rear. SMF ¶ 7; Ex. D, p. 29:17-18 ("Pl. Dep."); Df. Dep. 24:24. The parties contest whether Astorga's brake lights were on at the time of the crash, but Defendants offer no evidence to show that they were not (and indeed, Woodham testified that they were on just before the accident). SMF ¶ 15; Df.

Dep. 45:1-46:4. At the time of the accident, there was heavy, stop-and-go traffic on northbound Route 303, likely due to the ongoing construction in the area. SMF ¶¶ 8, 11, 12; Df. Dep. 36:16-19; 45:16-17; Pl. Dep. 26:4-7. Due to this construction, only one lane was open. SMF ¶ 9; Pl. Dep. 29:3-11.

## DISCUSSION

### I. Standard of Review

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The Court "is required to construe the evidence in the light most favorable to the non-moving party and to draw all reasonable inferences in its favor." Trammell v. Keane, 338 F.3d 155, 161 (2d Cir. 2003). The party seeking summary judgment bears the burden of demonstrating the absence of any genuine factual dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

Summary judgment will be granted if the opposing party then "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. To defeat summary judgment, the opposing party must do more than demonstrate "some metaphysical doubt as to the material facts," Matsushita, 475 U.S. at 586, and may not rely on "conclusory allegations," Twin Labs., Inc. v. Weider Health & Fitness, 900 F.2d 566, 568 (2d Cir. 1990).

**II.     Negligence**

This action is before the Court on diversity jurisdiction, meaning state substantive law controls. DeWeerth v. Baldinger, 38 F.3d 1266, 1272 (2d Cir. 1994). Because the accident happened in New York, its law governs.

Under New York law, a plaintiff seeking to prove negligence "must demonstrate the existence of a duty, the breach of which may be considered the proximate cause of the damages suffered by the injured party." Becker v. Schwartz, 46 N.Y.2d 401, 410 (1978). "Under New York law, a rear-end collision establishes a prima facie case of liability against the rear vehicle and imposes a duty of explanation on the operator of that vehicle." Krynski v. Chase, 707 F. Supp. 2d 318, 322 (E.D.N.Y. 2009). "This duty arises because 'when the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle.'" Hong v. Maher, No. 02 CIV. 7825 (RWS), 2004 WL 771127, at *2 (S.D.N.Y. Apr. 13, 2004) (quoting Chepel v. Meyers, 306 A.D.2d 235, 236, (2d Dep't 2003) and citing N.Y. Veh. & Traff. Law § 1129(a)).

"A defendant can overcome the presumption of negligence by providing a non-negligent explanation for the collision." Polonia v. Dunphy, No. 11 CIV. 1563 (CM), 2012 WL 2376467, at *4 (S.D.N.Y. June 21, 2012). "If the operator cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law." Krynski, 707 F. Supp. 2d at 323. "Such a non-negligent explanation may include mechanical failure, unavoidable skidding on wet pavement, a sudden stop of the vehicle ahead, or any other reasonable cause." Id.

"If a vehicle is being operated with the owner's permission, the owner is vicariously liable for injuries resulting from the negligent use of that vehicle." McDuffie v. Wilner, 415 F. Supp. 2d 412, 419 (S.D.N.Y. 2006) (quoting N.Y. Veh. & Traff. Law § 388(1)). "An employer is also vicariously liable under the doctrine of respondeat superior for injuries resulting from the negligence of employees acting within the scope of their employment." Id. (citing Judith M. v. Sisters of Charity Hosp., 93 N.Y.2d 932, 933 (1999)).

The parties agree that Plaintiff has made out a *prima facie* case for negligence. Defendants contend, however, that Astorga shares the blame for the accident because she allegedly stopped abruptly, which caused Woodham to hit her. The parties disagree whether, under New York law, a vehicle that stops suddenly constitutes a non-negligent explanation sufficient to rebut the presumption of negligence. While there are cases on both sides of the debate, the Court finds that generally a sudden stop may rebut the presumption of negligence only when it is unexpected. Compare Niemiec v. Jones, 237 A.D.2d 267, 268 (3d Dep't 1997) ("Where a defendant contends that the vehicle in front of him came to an unexplained sudden stop, questions of fact are raised that should be submitted to the jury."); Forget v. Smith, 39 A.D.3d 1127 (3d Dep't 2007) (presumption rebutted because sudden stop for deer in road was unexpected) with Hong 2004 WL 771127, at *3 (cannot rebut the presumption because stop was foreseeable due to parked cars in lane); Krynski, 707 F. Supp. 2d at 323 (cannot rebut the presumption no rebuttal because sudden stops are to be expected in heavy traffic); Robayo v. Aghaabdul, 109 A.D.3d 892, 893 (2d Dep't 2013) (lead vehicle's sudden stop does not rebut the presumption if it comes after switching lanes in heavy traffic).

To begin, it is not apparent from the record that Astorga even stopped abruptly. Neither Astorga nor Defendants include any information about this topic in their Rule 56.1 statements. In

her deposition, Astorga maintains that she was stopped at the traffic light for ten seconds. Pl. Dep. at 27:18. Defendant Woodham said he saw Astorga's brake lights before the accident, implying that she was stopped for some period of time before he hit her. Df. Dep. at 45:25-46:7. The only information from which the factfinder could infer that she stopped suddenly is the police report's summary of Woodham's description of the accident: "[Astorga's vehicle] stopped suddenly as the traffic light was changing and he could not stop and struck [Astorga's vehicle]." But "because the police officer who created the report lacks first-hand knowledge of the accident, the contents of his report—which relays other people's observations—is hearsay." Petschauer v. United States, No. 13 CIV. 6335 (NGG)(VMS), 2016 WL 1271035, at *4 (E.D.N.Y. Mar. 29, 2016), see also Fay v. Vargas, 67 A.D.3d 568, 569 (1st Dep't 2009) ("The police accident report was inadmissible because it was made by an officer who did not witness the accident and it contains the hearsay, and presumably self-serving, statements of plaintiff's decedent as to the ultimate issue of fact.").

But even if Astorga did come to a sudden stop, Woodham should have anticipated it. Woodham acknowledged that there was stop-and-go traffic—which by definition involves abrupt stops. Df. Depo at 45:14-17. Further, even his hearsay statement to the police shows that he should have been ready for Astorga to stop because he reported that the light was turning yellow. Because any sudden stop was to be expected, Woodham fails to rebut the presumption of negligence and is therefore liable as a matter of law. And because Woodham operated the vehicle with Allstate Oil's permission and because his conduct was within the scope of his employment with Allstate Oil, it is also vicariously liable. Astorga's motion for summary judgment as to liability is GRANTED.

# CONCLUSION

Plaintiff's motion for summary judgment as to liability is GRANTED. The Clerk of the Court is directed to terminate the motions at ECF Nos. 36 and 40.

The parties are ORDERED to appear for a conference to set a date for a damages trial. The conference will be held on Tuesday, April 3, 2018, at 2:30 p.m. in Courtroom 219, Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: March 22, 2018
New York, New York